Mr. Dick Pace President, Arkansas Coroner's Association 611 W. Poplar St. Paragould, AR 72450
Dear Mr. Pace:
This is in response to your request for an opinion regarding the compensation of coroners. You have asked, specifically, for citations to applicable laws in this regard. You have also asked what the county must furnish the coroner in terms of office space, telephone, etc.
With regard to salary, Amendment 55 to the Constitution of Arkansas must be initially considered wherein it states that the compensation of each county officer ". . . shall be fixed by the Quorum Court within a minimum and maximum to be determined by law." Const. Art. Amend. 55.
Arkansas Code of 1987 Annotated 14-14-1204(j)(2) establishes the minimum and maximum annual salaries of the county coroner as follows:
Classification Salary Per Annum
 Classes 1 and 2 not less than $136 nor more than $3,636
 Classes 3 and 4 not less than $682 not more than $7,274
 Classes 5 and 6 not less than $1,364 not more than $21,821
 Class 7 not less than $2,046 not more than $25,392
The above-referenced classes refer to county population classifications, as set forth under A.C.A. 14-14-1204(b). These classifications are as follows:
Classification Population
 Class 1 0 to 9,999 Class 2 10,000 to 19,999 Class 3 20,000 to 29,999 Class 4 30,000 to 49,999 Class 5 50,000 to 69,999 Class 6 70,000 to 199,999 Class 7 200,000 and above
Section 14-14-1204(j)(1) should also be noted wherein it states that "[t]he compensation of a county coroner shall be for all services performed as provided by the Arkansas Constitution, by law, or by county ordinance."
Arkansas Code of 1987 Annotated 14-14-1307 is dispositive of your question with regard to the county's obligation to furnish office space for the coroner. This provision states:
 (a) The county court shall determine the location of the office of the various county, county quorum court district, and township officers.
 (b) Nothing in this section, however, shall be construed to compel the county court to provide justices of the peace, constables, coroners, or surveyors with a formal office.
It thus appears that the county is not required to furnish office space, although it could presumably provide it as an "allowable expense." See A.C.A.14-14-1207. The fact that the county is not obligated by law to provide coroners with office space also indicates that a telephone is not mandated. Reference should, however, be made to the specific duties or coroners in determining whether expenses incurred through use of the telephone must be reimbursed. For instance, A.C.A. 21-6-503 states:
 For service of a summons or subpoena on a witness or juror by telephone, a sheriff or other officer shall receive the amount actually paid by him for use of the telephone and fifty cents (50¢) additional for each juror, witness, or other person so summoned or subpoenaed, without mileage or other charge.
This provision indicates that in some instances telephone-related expenses should be reimbursed. With regard to expenses generally, A.C.A. 14-14-1207 states:
 REIMBURSEMENT AUTHORIZED. All elected county and township officers, and employees thereof shall be entitled to receive reimbursement of allowable expenses incurred in the conduct of county affairs where the incurrence of expense is not discretionary in the conduct of duties assigned by law. Reimbursement of allowable expenses which are incurred in the performance of discretionary functions may be permitted where provided for by a specific appropriation of the county quorum court.
A.C.A. 14-14-1207(a)
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General
SC:arb